## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CR 06-1048 RB |
| | ) | |
| EDGAR JESUS PENA-FLORES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's ("Pena's") objections to the Presentence Report ("PSR"). Pena objects to the PSR on two grounds: (1) his felony DUI conviction should be considered a misdemeanor for the purposes of U.S.S.G. § 2L1.2; and (2) he should be placed in criminal history Category II, instead of Category IV. On July 31, 2006, I held a hearing and heard arguments. Having considered the record and arguments of counsel, I overrule the first objection and grant the second objection in part.

**I.  Objection to Adjusted Offense Level 12 Should Be Overruled.**

The PSR added 4 points to the base offense level of 8 for an adjusted offense level of 12. The 4 points[1] were added because Pena was deported after a felony DUI conviction. *See* U.S.S.G. § 2L1.2(b)(1)(D).

The PSR states that, on August 27, 2005, Pena was charged with "Aggravated DUI (felony)" in Navajo County Justice Court, Arizona. The Minute Entry submitted by the Government confirms that Pena pleaded guilty to ARS 28-1383(A)(1), a fourth degree felony, which provides that a person

---

[1]  The PSR does not count the felony DUI as an "aggravated felony," which would incur 8 points under U.S.S.G. § 2L1.2(b)(1)(C).

is guilty of aggravated DUI if that person commits DUI while that person's license is suspended as a result of a DUI.  *See* Gov. Exs. A and B; ARS 28-1383(A)(1).  The maximum penalty for violation of ARS 28-1383(A)(1) is two-and-a-half years.  *See* ARS 13-701(C)(3).

Pena relies on *United States v. Pimentel-Flores*, 339 F.3d 959 (9th Cir.2003), and *United States v. Corona-Sanchez*, 291 F.3d 1201 (9th Cir.2002), in support of his argument that his felony DUI should be deemed a misdemeanor.  Pena postulates that the DUI was charged as a felony because of recidivist enhancements and, thus, it should be counted as a misdemeanor.  That assumption is incorrect; ARS 28-1383(A)(1) provides that a person is guilty of aggravated DUI if that person commits DUI while that person's license is suspended as a result of a DUI.  In any event, even if Pena's assumption about the charge were correct, the cases on which he relies are not helpful to his argument.

In *Corona-Sanchez*, the Ninth Circuit held that a conviction under the California petty theft statute did not facially qualify as an aggravated felony.  *Id.*, 291 F.3d at 1211.  Under 8 U.S.C. § 1101(a)(43)(G), an "aggravated felony" includes a theft offense for which the term of imprisonment is at least one year.  *Id.*, 291 F.3d at 1204.  The PSR did not identify the statute of conviction, but cited to a petty theft definition and a sentencing enhancement statute.  *Corona-Sanchez*, 291 F.3d at 1208.  The Ninth Circuit drew a distinction between substantive offenses and recidivist sentencing enhancements for the purposes of determining whether the California theft conviction was an aggravated felony.  *Id.*, 291 F.3d at 1211.

*Corona-Sanchez* case is distinguished from the instant case in that Pena did not receive a sentencing enhancement due to a prior; he was charged with, and pleaded guilty to, ARS 28-1383(A)(1), an entirely different crime.  *See* Gov. Exs. A and B.  *Corona-Sanchez* does not support

the argument that the felony DUI should be treated as a misdemeanor for sentencing purposes.

Pena's reliance of *Pimentel-Flores* is similarly unavailing.  In *Pimentel-Flores*, the defendant had a prior felony conviction for assault in violation of a court order.  *Id.,* 339 F.3d at 961.  The PSR in that case determined that the prior felony assault conviction qualified as a "crime of violence" and assessed a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).  *Id*.  The defendant argued that in order to qualify as a "crime of violence" within the meaning of § 2L1.2(b)(1)(A)(ii), a prior had to satisfy the definition of "aggravated felony" contained in 8 U.S.C.§1101(a)(43).  *Pimentel-Flores*, 339 F.3d at 963.  The Ninth Circuit disagreed, holding that a "crime of violence" needed only to be a "felony" and not an "aggravated felony" as defined by §1101(a)(43) to qualify for a 16-level enhancement under § 2L1.2(b)(1)(A)(ii).  *Id*., 339 F.3d at 963.

In Pena's case, the PSR classified the prior at issue as a felony.  It did not classify the felony DUI as a crime of violence or an aggravated felony.  *Pimentel-Flores* does not address recidivist enhancements and does not support the argument that the felony DUI should be treated as a misdemeanor for sentencing purposes.

Neither *Corona-Sanchez* nor *Pimentel-Flores* indicate that a felony conviction should be deemed a misdemeanor conviction.  Moreover, I am bound by Tenth Circuit authority.  The Tenth Circuit has held that, for purposes of § 2L1.2, a felony conviction is defined as a conviction under a statute with a statutory maximum penalty in excess of one year.  *United States v. Diaz-Bonilla*, 65 F.2d 875, 877 (10th Cir.1995).  The maximum penalty for violation of ARS 28-1383(A)(1) is two-and-a-half years.  *See* ARS 13-701(C)(3).  The PSR correctly categorized the felony DUI as a felony because the statutory maximum sentence for that offense exceeds one year.  The objection to the adjusted offense level of 12 is overruled.

3

**B.  Objection to Criminal History Category IV Should Be Overruled In Part.**

The PSR assessed 8 criminal history points, which places Pena in criminal history category

IV.  The points were assessed as follows:

> 1 point for a May 27, 2002 misdemeanor DUI.  *See* U.S.S.G. § 4A1.1(c).
> 1 point for an August 14, 2005 assault.  *Id.*
> 1 point for an August 27, 2005 assault.  *Id.*
> 2 points for an August 27, 2005 felony DUI. *See* U.S.S.G. § 4A1.1(b).
> 2 points because the instant offense was committed less than two years after release from custody on the felony DUI.  *See* U.S.S.G. § 4A1.1(e).
> 1 point because the instant offense was committed while a violation warrant on the felony DUI was outstanding. *See* U.S.S.G. § 4A1.1(d).

Pena argues that his criminal history is over-represented because he committed three of his

crimes in a two-week period and his felony conviction should not be used to increase both his offense

level and his criminal history category.  Pena contends that he should be placed in criminal history

category II.

Criminal history category II equates to 2-3 criminal history points.  Pena has 8 points.  In

order to qualify for category II, his felony DUI would need to be completely disregarded.  Pena cites

no authority for this request.  Although three of his crimes occurred in a two-week period, the PSR

establishes that they were separate offenses.

The 8 criminal history points were assessed in accordance with U.S.S.G. § 4A1.1.  The

comments to U.S.S.G. § 2L1.2 state that a prior conviction used to increase the offense level is not

excluded from the criminal history calculation.  U.S.S.G. § 2L1.2, comment 6.  Thus, the assessment

of the 5 points for the felony DUI was technically correct.  However, criminal history category IV

over-represents Pena's criminal record.  Although serious, Pena's prior offenses may be attributed

to his substance abuse problems and relatively young age.  Considering the factors discussed in the

PSR and presented at sentencing, I find that assignment to criminal history category III is a more reasonable classification for Pena.  I therefore grant his second objection in part and assign him a criminal history category of III.  The Guidelines set a sentence of 12-18 months for an adjusted offense level of 12 and a criminal history category of  III.  I find that a sentence within the range of 12-18 months is reasonable in light of the factors set out in 18 U.S.C. § 3553.

A sentencing hearing will be re-set when the calendars of all those involved can be coordinated.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**